UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

TERRY STEWART,

        Defendant.

**DECISION AND ORDER**

10-cr-00360-RJA-JJM-3

---

In a Superseding Indictment dated March 30, 2011 [55],[1] defendant is charged with conspiracy to transport, and transportation of, stolen merchandise in interstate and foreign commerce. Id., Counts 5 and 6. The government moved for pretrial detention, but the detention hearing was held in abeyance pending defendant's release from state custody. Upon his release from state custody he transferred into federal custody, and a detention hearing was held on October 20, 2011 [161].

At the hearing, the parties proceeded by proffer. In determining whether there are conditions of release that will reasonably assure defendant's appearance as required, I have taken into account the available information concerning the factors enumerated in 18 U.S.C. §3142(g). "Determining the weight to be accorded to each factor in reaching the ultimate finding as to the existence of conditions is the special province of the trier of fact", United States v. Shakur, 817 F.2d 189, 196 (2d Cir.1987), cert. denied, 484 U.S. 840 (1987), "bear[ing] in mind that it is only a limited group of offenders who should be denied bail pending trial". Id. at 195.

---

[1]    Bracketed references are to CM/ECF docket entries.

1. **The nature and circumstances of the offense charged -** The Superseding Indictment charges defendant with shoplifting merchandise from retail stores and selling it to co-defendant Rico J. Vendetti, who in turn resold the merchandise through various media of interstate commerce, including eBay.

2. **The weight of evidence against the defendant** - The return of the Superseding Indictment furnishes probable cause to believe that defendant committed the offenses charged.[2] In addition, defendant has given statements implicating himself in the theft of various materials. Those statements are the subject of a motion to suppress, which has not yet been decided.

3. **Defendant's history and characteristics** - Defendant has a history of drug abuse, including cannabinoids, cocaine and heroin. However, according to the Pretrial Services Report, that use terminated upon his incarceration on state charges last year. He has spent the last year in state custody, and was released to federal custody within the past month when those charges were dismissed in favor of federal prosecution.

In addition, defendant has a criminal history of selling marijuana, aggravated unlicensed operation of a motor vehicle, petty larceny and possession of stolen property, as well as driving while impaired. However, he has no history of assaultive behavior.

---

[2] AUSA Bruce stated at the detention hearing that he plans to seek another Superseding Indictment containing additional charges against defendant. However, I can only deal with the facts before me, and cannot predict what the grand jury may do in the future.

**4. The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release** - "The [Bail Reform Act], by its nature, is always looking forward. To be sure, the Court should consider past behavior in assessing the likelihood of prohibited behavior in the future, but the Government needs to show that there is a serious risk that these potential harms exist going forward." United States v. Madoff, 586 F.Supp.2d 240, 250 (S.D.N.Y.2009).

The government concedes that the nature of the pending charges do not give rise to a presumption that detention is warranted. Although I do not ignore the evidence against defendant as well as his criminal history, I note that none of his activities involved the use of force. I further note that he has spent the last year in custody, which I believe gives him a strong incentive to adhere to conditions of release.

Defendant's mother and her sister have offered to post his mother's home located at 7835 Straight Road, Springwater, New York 14560)(which is being sold by the sister to his mother) as security for defendant's release. They have represented that the home has a fair market value of $135,000, on which $19,000 is owed. They have offered to allow defendant to reside at the home, and defendant's attorney has suggested that he be subject to electronic monitoring.

The Bail Reform Act requires only reasonable assurance, *not* a guarantee, that conditions of release will prevent danger or flight. See United States v. Hir, 517 F.3d 1081, 1092 (9th Cir.2008) ("the Bail Reform Act contemplates only that a court be able to 'reasonably

assure,' rather than guarantee, the safety of the community"); United States v. Tortora, 922 F.2d 880, 884 (1st Cir.1990) ("Requiring that release conditions guarantee the community's safety would fly in the teeth of Congress's clear intent that only a limited number of defendants be subject to pretrial detention"). That "reasonable assurance" is provided by requiring that the home be posted as security to the extent of $60,000, coupled with electronic monitoring, home incarceration, prohibition on the possession of firearms, prohibition on contact with co-defendants, and the other standard conditions of release, and I therefore order defendant released on those conditions.

However, I will stay the effect of this Decision and Order until November 10, 2011, in order to give the government the opportunity to seek a stay from Judge Arcara. "[G]iven that the issue being reviewed involves a person's release from custody pending further legal proceedings, the absence of stay authority could render the district court's review power illusory." United States v. Brigham, 569 F.3d 220, 230 (5th Cir.2009), cert. denied, ___U.S. ___, 130 S.Ct. 1013 (2009).

DATED: November 3, 2011

                                          s/ Jeremiah J. McCarthy
                                          JEREMIAH J. MCCARTHY
                                          United States Magistrate Judge