UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                          DECISION AND ORDER
                                            10-CR–360

RICO VENDETTI, et al,
                        Defendants.

## Introduction

Before the Court are defendants' objections to five pending Reports and

Recommendations in this multi-defendant case involving allegations of

racketeering, racketeering conspiracy, witness tampering and other charges.[1]  As

explained in detail below, the Court adopts the proposed findings and conclusions

set forth in each of the five pending Reports and Recommendations.

## General Background

The Second Superseding Indictment charges defendants Rico Vendetti,

Arlene Combs, Terry Stewart and others with engaging in a criminal enterprise

whose purpose included "obtaining merchandise, both through a ring of

---

[1]This matter has been assigned to Magistrate Judge Jeremiah J. McCarthy for
supervision of all pre-trial proceedings.  Magistrate Judge McCarthy authored four of
the pending Reports and Recommendations in this matter.  A fifth Report and
Recommendation, which addressed probable cause with respect to a search warrant,
was authored by Magistrate Judge Hugh B. Scott after counsel for defendant Dayon
Shaver requested that a different magistrate resolve the search warrant issue since
Magistrate Judge McCarthy approved the search warrant in question.

organized shoplifters...and by robbery, and thereafter selling the merchandise at a substantial profit in interstate and foreign commerce using internet sites." (Dkt. No. 208)  The Indictment also alleges that on July 5, 2010, Vendetti and Combs solicited defendants Albert Parsons, Donald Griffin and others to steal property from Homer Marciniak.  Mr. Marciniak was assaulted during a subsequent home invasion, and suffered injuries which allegedly resulted in his death.  It is also alleged that Vendetti and Combs willfully attempted to influence the testimony of certain witnesses.

Vendetti, Combs and Stewart are charged with racketeering (in violation of 18 U.S.C. §§1961(1) and 1961(5)) and racketeering conspiracy (in violation of 18 U.S.C. §§1962(d) and 1963).  Defendants Vendetti, Combs, Parsons and Griffin are each charged with two counts of violent crime in aid of racketeering based upon the assault and murder of Mr. Marciniak (in violation of 18 U.S.C. §§1959(a)(1) and (2) and §§1959(a)(3) and 2).  Vendetti, Combs, and Stewart, together with defendants Dayon Shaver and Brandon Meade, are charged with conspiracy to transport stolen merchandise in interstate commerce (in violation of 18 U.S.C. §371).  Vendetti, Combs and Stewart are charged with transportation of stolen merchandise in interstate commerce (in violation of 18 U.S.C. §§2314 and 2).  Vendetti and Combs are also charged with multiple counts of witness tampering (in violation of 18 U.S.C. §§1512(b)(1) and 1512(b)(3)).

<u>**Report and Recommendation Addressing Dayon Shaver's**</u>
<u>**Motion to Suppress Evidence (Dkt. No. 286)**</u>

Defendant Shaver is charged with conspiracy to transport stolen merchandise in interstate commerce.  The Government alleges that Shaver purchased stolen merchandise from other defendants at a significantly discounted price and then sold the merchandise for a profit using multiple eBay accounts.  During the time period alleged in the Indictment, Shaver resided at 1160 North Goodman Street in Rochester, New York, in a building owned by Vendetti.

On October 27, 2010, Magistrate Judge McCarthy issued a search warrant for 1160 North Goodman Street.  Agents from the Federal Bureau of Investigation ("FBI") executed the warrant on November 2, 2010.  Among the items seized were two desktop computers and one laptop computer which contained information about an eBay account in Shaver's name.  Shaver moved to suppress the evidence recovered on the basis that the search warrant was not supported by probable cause.  (Dkt. No. 130)

Magistrate Judge Hugh B. Scott issued a Report and Recommendation finding that Shaver had standing to contest the search with respect to the upper apartment, where she resided with Vendetti, but not with respect to the rest of the building. (Dkt. No. 286)  The Magistrate Judge went on to find that the search warrant for the upper apartment was supported by probable cause and, in the

event that the warrant was not supported by probable cause, the FBI agents who conducted the search had a good faith basis to rely upon the warrant. *Id*. Thus, the Magistrate recommended denying Shaver's motion to suppress evidence in its entirety. *Id*. Defendant Shaver filed objections, the Government submitted a response, and the Court heard oral argument on August 30, 2013. (Dkt. Nos. 296 and 300)

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon *de novo* review and after reviewing the submissions of the parties and hearing oral argument, the Court adopts the proposed findings of the Report and Recommendation.

Accordingly, for the reasons set forth in Magistrate Judge Scott's Report and Recommendation, defendant Shaver's motion to suppress evidence is denied in its entirety.

## Report and Recommendation Addressing Arlene Combs' Motion to Suppress Statements (Dkt. No. 311)

Defendant Arlene Combs is charged with, *inter alia*, racketeering, racketeering conspiracy, violent crime in aid of racketeering, transportation of stolen merchandise in interstate commerce and witness tampering. Defendant Combs moved to suppress statements she made to law enforcement on October 14, 2010 and October 22, 2010. (Dkt. No. 120) Magistrate Judge McCarthy

conducted a two-day evidentiary hearing regarding the motion to suppress, the parties submitted post hearing briefs and oral argument was held. Magistrate Judge McCarthy subsequently issued a Report and Recommendation denying, in its entirety, defendant Combs' motion to suppress her statements. (Dkt. No. 311)

After considering all of the testimony presented during the suppression hearing, Magistrate Judge McCarthy specifically found that Combs was not in custody at the time she provided statements to law enforcement on October 14 or October 22, 2010, and therefore she was not entitled to *Miranda* warnings. (Dkt. No. 311) The Magistrate further found that even if Combs had been in custody on those occasions, he credited the testimony of law enforcement agents that *Miranda* warnings were timely administered, that Combs knowingly and voluntarily agreed to speak with investigators, and that she never requested to speak with an attorney. *Id*. The Magistrate rejected Combs' testimony that her statements were a product of Government coercion in that she was promised she would not be prosecuted if she provided certain information. *Id*.

Defendant Combs filed objections to the Magistrate's Report and Recommendation, the Government submitted a response, and the Court heard oral argument on August 30, 2013. (Dkt. Nos. 330 and 336)

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon *de novo* review and after reviewing the

submissions of the parties and hearing oral argument, the Court adopts the proposed findings of the Report and Recommendation in their entirety.

The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings.  *See Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) ("[A] district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge.") (quoting *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999).

This Court adopts the credibility findings of Magistrate Judge McCarthy, including his findings that Combs was timely administered *Miranda* warnings, that she knowingly and voluntarily agreed to speak with law enforcement, and that her statements were not a product of coercion.  This Court also concurs with Magistrate Judge McCarthy's finding that defendant Combs was not in custody on October 14 and October 22, 2010.

Accordingly, for the reasons set forth in Magistrate Judge McCarthy's Report and Recommendation, defendant Combs' motion to suppress statements is denied in its entirety.

**Report and Recommendation Addressing Terry Stewart's**
**Motion to Suppress Physical Evidence and Statements (Dkt. No. 310)**

Defendant Terry Stewart is charged with racketeering, racketeering

conspiracy, conspiracy to transport stolen merchandise in interstate commerce, and transportation of stolen merchandise in interstate commerce.  Defendant Stewart moved to suppress statements he made to law enforcement on October 14, 2010 and October 22, 2010, along with physical evidence discovered as a result of those statements.  (Dkt. No. 118)  Magistrate Judge McCarthy conducted a three-day evidentiary hearing, the parties filed post hearing briefs, and oral argument was held.  The Magistrate Judge issued a Report and Recommendation recommending that defendant Stewart's motion be denied in its entirety.  (Dkt. No. 310)

Defendant Stewart filed objections to the Magistrate Judge's Report and Recommendation, the Government filed a response, defendant filed a reply and the Court heard oral argument on August 30, 2013.  (Dkt. Nos. 317, 338 and 341)

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon *de novo* review and after reviewing the submissions of the parties and hearing oral argument, the Court adopts the proposed findings of the Report and Recommendation.

Defendant Stewart raises objections similar to those raised by defendant Combs and discussed previously.[2]   Defendant argues that he was in custody at

_____

[2]  Defendants Stewart and Combs were both interviewed at the New York Police substation in Chili, New York on October 14, 2010 and October 22, 2010.  Stewart and Combs were interviewed in separate rooms but were given frequent breaks and allowed

the time of both police interviews, that *Miranda* warnings were not timely administered, that he was coerced into providing statements because the police led him to believe that he would not be charged, and that he was denied his right to counsel.

However, Magistrate Judge McCarthy credited the officers' testimony that on October 14, 2010, Stewart was informed numerous times he was not under arrest, he was not placed in handcuffs during the interview, he was never told he was not free to leave, and he was given numerous breaks and permitted to speak with co-defendant Combs. Likewise, the Magistrate Judge credited the officers' testimony that on October 22, 2010, Stewart returned to the barracks on his own accord and was not placed in handcuffs or told he was under arrest until after he made various incriminating statements. The Magistrate Judge further found that law enforcement officers credibly testified that Stewart was given timely *Miranda* warnings on all occasions. The Magistrate Judge declined to credit Stewart's testimony that officers coerced him into making incriminating statements by leading him to believe that he would not be prosecuted.

As explained above, the Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings. *See Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) This Court

_____

to speak with one another.

adopts the credibility findings of Magistrate Judge McCarthy that, irregardless of whether defendant Stewart was in custody, he was timely administered *Miranda* warnings on all occasions. In addition, the Court adopts the Magistrate's findings that Stewart was not in custody at the time he made incriminating statements to law enforcement on October 14 or October 22, 2010, and that there is no evidence to support Stewart's contention that his statements were the product of police coercion.

Accordingly, for the reasons set forth in Magistrate Judge McCarthy's Report and Recommendation, defendant Stewart's motion to suppress statements, as well as physical evidence discovered as a result of those statements, is denied in its entirety.

### Report and Recommendation Addressing Donald Griffin's Motion to Suppress Statements (Dkt. No. 309)

Defendant Donald Griffin is charged with two counts of violent crime in aid of racketeering and conspiracy to transport stolen merchandise in interstate or foreign commerce. Defendant Griffin made a motion to suppress statements he made to law enforcement on October 28, 2010. (Dkt. No. 124) Following an evidentiary hearing, post hearing briefs, and oral argument, Magistrate Judge McCarthy recommended that defendant's motion be denied in its entirety. (Dkt. No. 309)

Specifically, the Magistrate Judge found that there was probable cause for

law enforcement to take Griffin into custody based upon statements by defendants Combs and Stewart, along with information provided by two other individuals. The Magistrate Judge credited testimony by law enforcement officers that defendant Griffin was timely provided *Miranda* warnings, and that he knowingly and voluntarily agreed to speak with investigators. The Magistrate chose not to credit Griffin's testimony that he was coerced into providing incriminating statements, and that his statements were not voluntary.

Defendant Griffin filed objections to the Magistrate Judge's Report and Recommendation, the Government filed a response, defendant filed a reply and the Court heard oral argument on August 30, 2013. (Dkt. Nos. 327, 337, and 342)

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon *de novo* review and after reviewing the submissions of the parties and hearing oral argument, the Court adopts the proposed findings of the Report and Recommendation. Magistrate Judge McCarthy, who had an opportunity to observe all witnesses and testimony, concluded that defendant was not coerced into making incriminating statements, that defendant initially refused to speak after the supposed "coercive statements" were made, and that defendant himself testified that he ultimately provided information because he felt guilty over the death of Mr. Marciniak. The Court

adopts these findings. The Court also adopts the Magistrate's finding that one of the officers credibly testified that defendant was provided with *Miranda* warnings at the beginning of the interview. Finally, the Court concurs with the Magistrate's determination that there was probable cause to arrest defendant Griffin.

Accordingly, for the reasons set forth in Magistrate Judge McCarthy's Report and Recommendation, defendant Griffin's motion to suppress statements is denied in its entirety.

## Report, Recommendation and Order Addressing Various Forms of Dispositive and Non-Dispositive Relief (Dkt. No. 308)

Defendants Vendetti (Dkt. Nos. 121, 125, 128, 244), Combs (Dkt. Nos. 120, 141), Stewart (Dkt. Nos. 118 and 243), Griffin (Dkt. Nos. 124 and 246), Parsons (Dkt. Nos. 119 and 247), Shaver (Dkt. No. 130) and Meade (Dkt. No. 135) made multiple pre-trial motions seeking various forms of dispositive and non-dispositive relief. Magistrate Judge McCarthy heard oral argument with respect to these motions on June 27, 2012. The Magistrate Judge subsequently issued a Report, Recommendation and Order granting in part and denying in part defendants' non-dispositive motions. (Dkt. No. 308) The Magistrate further recommended that defendants' motion to dismiss be granted in part and denied in part, and that defendant Vendetti's motion to suppress be denied. *Id*

Defendants and the Government objected to various findings set forth in the Magistrate Judge's Report, Recommendation and Order. (Dkt. Nos. 316,

321, 327, 328, 329, 330)  Responses and replies were submitted, and the Court

heard oral argument on August 30, 2013.  With respect to the Magistrate's

recommendations on the dispositive motions, this Court makes a *de novo*

determination of those portions of the Report and Recommendation to which

objections have been made pursuant to 28 U.S.C. § 636(b)(1).  With respect to

the Magistrate's orders on the non-dispositive motions, this Court considers only

whether the Magistrate's orders are clearly erroneous or contrary to law pursuant

to 28 U.S.C. Section §636(b)(1)(A).

As set forth below, the Court adopts Magistrate Judge McCarthy's findings

and conclusions with respect to all dispositive and non-dispositive relief.

*Motion to Dismiss Count 1 for Failure to Sufficiently*
*Allege a Criminal Enterprise*

Defendant Stewart objects to the Magistrate's recommendation to deny her

motion to dismiss Count 1 of the Second Superseding Indictment (Racketeering).

Defendant Stewart argues that the Indictment "fails to allege the specific facts

necessary to show the existence of a criminal enterprise."  The Racketeer

Influenced and Corrupt Organizations Act ("RICO") makes it unlawful for "any

person employed by or associated with any enterprise engaged in, or the

activities of which affect, interstate or foreign commerce, to conduct or participate,

directly or indirectly, in the conduct of such enterprise's affairs through a pattern

of racketeering activity."  18 U.S.C. §1962(c).  An enterprise is defined as "any

group of individuals associated in fact although not a legal entity." 18 U.S.C. §1961(4).

As Magistrate Judge McCarthy correctly notes, the existence of an enterprise must be alleged in an indictment with sufficient factual detail to apprise the defendants of the general nature of the alleged enterprise. Here, the Second Superseding Indictment specifically identifies the members, describes the enterprise's purpose as obtaining stolen property, and explains that the enterprise operated "organized rings" to obtain stolen merchandise sought by Vendetti, which Vendetti and others would purchase and re-sell for a substantial profit. The Court is in agreement with Magistrate Judge McCarthy that, for purposes of the Indictment, sufficient facts have been alleged to apprise defendants of the general nature of the enterprise. Additional facts as to how the shoplifting rings specifically operated or shared profits may be proven at trial, and do not have to be expressly set forth in the Indictment.

For these reasons, and for the reasons stated by Magistrate Judge McCarthy in his Report and Recommendation, this Court adopts the Magistrate's recommendation to deny defendant Stewart's motion to dismiss Count 1 of the Second Superseding Indictment for failure to sufficiently allege a criminal enterprise.

*Motion to Dismiss the First Racketeering Act of Count 1 for Failure to
Allege a Pattern of Racketeering Activity and Count 6 as Vague and
Duplicitous*

The Government objects to Magistrate Judge McCarthy's recommendation

to grant defendants Vendetti, Combs and Stewart's motions to dismiss the First

Racketeering Act of Count 1 and Count 6 of the Second Superseding Indictment.

The First Racketeering Act of Count 1 alleges that:

> [B]eginning sometime in and around 2004...and continuing until on or
> about October 15, 2010...defendants...unlawfully knowingly
> transported, transmitted and transferred goods, wares and
> merchandise, the aggregate value of which exceeded $5,000, in
> interstate and foreign commerce knowing the same to have been
> stolen.

The Indictment further provides that, during this time period, Vendetti, Combs and

Stewart would "recruit individuals to steal substantial amounts of merchandise

from retail stores, including but not limited to, Walmart, Sears, Target, JoAnn

Fabrics, Home Depot, various chain drug stores and other retail stores, often

stealing...specific merchandise that appeared on lists Vendetti provided."  Count

6 charges Vendetti, Stewart and Combs with transportation of stolen

merchandise in interstate and foreign commerce, in violation of 18 U.S.C. §2314.[3]

After noting that the Second Superseding Indictment provided no specifics

as to what stores were actually involved, what merchandise was allegedly stolen,

or what dates the thefts allegedly occurred on, the Magistrate found that the First

---

[3]  The only substantive difference between the First Racketeering Act of Count 1
and Count 6 is the time period alleged.

Racketeering Act of Count 1 and Count 6 were vague and duplicitous and therefore violated defendants' rights under Federal Rule of Criminal Procedure 7(c) and the Sixth Amendment.  In it objections, the Government argues that the Magistrate erred because, in establishing a violation of Section 2314, it is permitted to allege aggregate conduct instead of individual transactions.

While the Government is correct that it is permitted to aggregate the transactions involved for purposes of proving a violation of Section 2314, a defendant must be apprised, with reasonable certainty, of the nature of the accusation against him and must be given notice of the "core of criminality" to be proven at trial.  *United States v. Rigas*, 490 F.3d 208, 228 (2d. Cir. 2007)  The Magistrate Judge correctly determined that this has not been accomplished here.  Indeed, the Second Superseding Indictment fails to allege any specific transactions occurring over the expansive time period charged.  The Government does not identify what transactions it intends to aggregate, nor has it identified which transactions, or combination of transactions, were presented to the grand jury.  The Government has stated that defendant were involved in over $5,000,000 worth of transactions involving stolen merchandise during the time period alleged.  Based upon the allegations in the Indictment, the defendants have no way of knowing which of these vast amounts of transactions the Government actually intends to prove at trial nor can they ascertain whether the transactions to be presented at trial are the same transactions which were

15

presented to the grand jury.

For these reasons, and for the reasons set forth by Magistrate Judge McCarthy in his Report and Recommendation, the Court adopts the Magistrate's recommendation to dismiss the First Racketeering Act of Count 1 and Count 6 as unconstitutionally vague and duplicitous.

*Motion to Dismiss the Third and Fourth Racketeering Acts of Count 1*

Defendants Vendetti and Combs object to the Magistrate Judge's recommendation to deny their motions to dismiss the Third and Fourth Racketeering Acts of Count 1 (both of which involve witness tampering). Defendants argue that the acts should be dismissed for lack of vertical or horizontal relatedness since they are unrelated to the other racketeering acts that pertain to the shoplifting ring.

The Court has reviewed the parties' submissions and finds, for the reasons set forth in the Magistrate Judge's Report and Recommendation, that defendants' motions to dismiss the Third and Fourth Racketeering Acts of Count 1 are denied.[4]

---

[4] Despite the fact that the First Racketeering Act has been dismissed, the Second Superseding Indictment alleges at least two other racketeering acts with respect to defendants Vendetti and Combs. Thus, Count 1 remains as to Vendetti and Combs and their motions to dismiss Counts 2, 3 and 4 as being dependant on Count 1 are denied. However, only one racketeering act remains as to defendant Stewart. Thus, Count 1 (racketeering) is dismissed as to defendant Stewart only. During oral argument, the parties agreed that dismissal of Count 1 as to defendant Stewart would also result in the dismissal of the aiding and abetting charge as to defendant Stewart insofar as it relates to Count 1 of the Second Superseding Indictment. For the reasons

## *Defendant Vendetti's Motion to Suppress Physical Evidence*

Defendant Vendetti joined in defendant Shaver's motion to suppress physical evidence seized from 1160 North Goodman.  Vendetti also moved to suppress evidence seized from 1175 North Goodman Street, but does not offer any independent argument in support of this motion.[5]

For the reasons previously discussed in this Decision and Order, as well as the reasons set forth by Magistrate Judge McCarthy (Dkt. No. 308) and Magistrate Judge Scott (Dkt. No. 311), defendant Vendetti's motion to suppress physical evidence is denied in its entirety.

## *Motion for a Bill of Particulars*

Defendants Griffin and Shaver object to the Magistrate Judge's denial of their motion for a bill of particulars with respect to Counts 1, 3, 4, 5 and 6 of the Second Superseding Indictment.  Defendant Griffin seeks particularization of information regarding unidentified co-conspirators, the specific times, dates and locations where Griffin agreed to commit the acts charged, and particularity as to how he and others caused the death of Mr. Marciniak.

---

stated in Magistrate Judge McCarthy's Report and Recommendation, defendant Stewart's motion for dismissal of Count 2 is denied.

[5]  The search warrants with respect to both 1160 North Goodman and 1175 North Goodman were signed by Magistrate Judge McCarthy based upon the affidavit of Special Agent McElhenny.  The probable cause in the supporting affidavit was discussed at length in Magsitarte Judge Scott's Report and Recommendation.  (Dkt. No. 311)

As noted by the Magistrate Judge, the Government, in its response to defendants' pretrial motions, included an extensive introduction captioned "Theory of the Case and Outline of Proof."  This document notifies defendants of the nature of the alleged enterprise, its racketeering activities, and their alleged participation in the enterprise.  This document also states that after the robbery, Mr. Marciniak died of heart-related problems in the mid-afternoon, "with it being the Government's theory that these problems, and his death, were the result of the trauma of earlier burglary, including the physical injuries and physiological trauma of the event, this turning Marciniak's death into a felony murder."  The Theory of the Case and Outline of Proof, together with the allegations in the Second Superseding Indictment, contains sufficient information to fully appraise defendants, including Griffin and Shaver, of the charges against them.

Magistrate Judge McCarthy's denial of defendants' motion for a bill of particulars was neither clearly erroneous nor contrary to law, and is adopted by the Court.

### Motion to Inspect Grand Jury Minutes and Transcripts

 Defendants Griffin and Vendetti also appeal from Magistrate Judge McCarthy's decision to deny them inspection of grand jury minutes and transcripts.  Defendants argue that disclosure is necessary based upon the following: (1) the prosecutor failed to present medical evidence favorable to the defense with respect to Mr. Marciniak's cause of death; (2) that they have reason

to believe that the amendment to the Second Superseding Indictment was the result of improper conduct by the prosecutor since "there is simply nothing that could have been submitted to the grand jury to substantiate a claim that the alleged enterprise continued into March 2011"; and (3) the prosecutor did not instruct the grand jury as to the affirmative defense of felony murder under New York State Law.

Federal Rule of Criminal Procedure 6(e) states that the district court has substantial discretion to determine whether certain aspects of grand jury proceedings should be released. Disclosure is appropriate "where the need for disclosure outweighs the public interest in secrecy." *United States v. Sells Engineering*, 463 U.S. 395, 400 (1959).

As noted by Magistrate Judge McCarthy, defendants give speculative and conclusory reasons as to why they are entitled to grand jury transcripts. They essentially argue that the prosecutor must have committed misconduct because there was insufficient evidence to amend the time period charged. In addition, because the Government is not obligated to present an affirmative defense or exculpatory evidence to a grand jury, the prosecutor did not have to present alternative theories of the cause of death or read the affirmative defense to felony murder. *United States v. Regan*, 103 F.3d 1072, 1081 (2d. Cir. 1997).

Magistrate Judge McCarthy's denial of defendants' motion to inspect grand jury minutes and transcripts was neither clearly erroneous nor contrary to law,

and is adopted by this Court.

*Other Remaining Non-Dispositive Motions*

In his Report and Recommendation, Magistrate Judge McCarthy ordered the following: (1) defendants' motion for immediate production of *Brady/Giglio* materials and early disclosure of *Jencks* material is denied; (2) the Government is directed to disclose any additional Rule 16 discovery and comply with expert disclosure requirements; (3) motion for pre-trial disclosure of co-conspirator statements is denied because it is outside of *Jencks* requirements; (4) defendants' motion for preservation of "rough notes" is denied; (5) defendants' motion for production of the Government witness list is denied; (6) defendant Shaver's motion to hire a forensic computer expert is denied; and (7) defendants' motion for disclosure of plea agreements is denied.  The Magistrate also denied a number of other pre-trial motions as premature such as those pertaining to hearsay testimony, Rule 404(b) evidence, disclosures pursuant to Rules 608 or 609, *voir dire*, and proffers under Rule 801.  These motions were denied without prejudice to defendants' ability to renew these requests before this Court prior to trial.

The Magistrate's rulings with respect to these motions were neither clearly erroneous nor contrary to law and are adopted by this Court, with the understanding that they may be renewed prior to trial in the event that they become relevant and appropriate.

## Conclusion

For the foregoing reasons and consistent with this Decision and Order, the Court adopts the proposed findings and conclusions set forth in each of the five pending Reports and Recommendations in their entirety. The parties are to appear before this Court on October 4, 2013 at 1:30pm for a status conference or meeting to set a trial date.


SO ORDERED.


_s / Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: October 3, 2013